SDNY (NYC)

MANDATE

05-2270
Combier-Kapel v. Biegelson



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand and seven.

PRESENT:    HON. RALPH K. WINTER,
            HON. BARRINGTON D. PARKER,
                        *Circuit Judges,*
            HON. LOUIS F. OBERDORFER,
                        *District Judge.*\*

_____

Sari Combier-Kapel,
                        *Plaintiff,*

Betsy Combier, on behalf of herself and
on behalf of Elise Combier-Kapel,

                        *Plaintiff-Appellant,*

            v.                                      SUMMARY ORDER
                                                    No. 05-2270-cv

_____

\*The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

ISSUED AS MANDATE: 08/08/07

Jay Biegelson, in his individual and official capacity as Assistant Principal for Special Education at Stuyvesant High School; Gene Blaufarb, in his individual and official capacity as former Assistant Principal for Guidance a Stuyvesant High School; Eleanor Archie, in her individual and official capacity as Assistant Principal of Guidance at Stuyvesant High School; Martha Siegal, in her individual and official capacity as Assistant Chairperson of the Manhattan High School's Committee on Special Education; Carmen Sanchez, in her individual and official capacity as Speech/Language Evaluator for the Manhattan High Schools' Committee on Special Education; D.J. Sheppard, in her individual and official capacity as District 3 Parent Engagement Liaison; Laurence Lynch, in his individual and official capacity as Principal of Booker T. Washington Middle School 54; Fred La Senna, in his individual and official capacity as Administrator of the Delta Program, Booker T. Washington Middle School 54; Joel Klein, in his individual and official capacity as Chancellor of the New York City Board of Education; New York City Board of Education; and the City of New York,

*Defendants-Appellees.*

---

For Plaintiff-Appellant:        Elizabeth Combier, pro se, New York, NY.

For Defendants-Appellees:        Ann E. Scherzer, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.**

Plaintiff-Appellant Elizabeth Combier appeals from a February 28, 2005 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting defendants-appellees' motion to dismiss. We assume the parties' familiarity with the underlying

2

facts and procedural history of the case.

The claims Combier raises in her amended complaint are by and large precluded by an earlier stipulation of settlement she entered into, through counsel, at an impartial hearing regarding her daughter's Individualized Education Plan ("IEP").  Combier's contention that she never agreed to a settlement is belied by the record of proceedings before the Impartial Hearing Officer ("IHO").  Hearing Transcript, June 11, 2003, at 154; 174-79.  The district court did not err in considering the IHO's decision, along with certain other documents in the administrative record, since such documents were subject to judicial notice and were integral to the complaint. *See Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

As to Combier's claims regarding determinations made about her daughter's IEP by the Committee on Special Education ("CSE"), on remand from the IHO's June 2003 order, the district court correctly concluded that Combier had failed to exhaust her administrative remedies. "It is well settled that the [Individuals with Disabilities Education Act] requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004).  The administrative process "includes review by an impartial due process hearing officer and an appeal from that hearing." *Id.*

Combier seeks to bypass New York's system of administrative review by filing a civil suit without first having challenged the CSE's most recent determination before an IHO or State Review Officer. *Cf. Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 379-80 (2d Cir. 2003) (describing the administrative processes available to "New York parents who believe an IEP is

3

insufficient under the IDEA"). Although "the IDEA's exhaustion requirement does not apply in situations in which exhaustion would be futile," *Polera v. Bd. of Educ. of Newburgh Enlarged Sch. Dist.*, 288 F.3d 478, 488 (2d Cir. 2002) (internal quotation marks omitted), Combier has failed to establish an exception to that requirement here. The district court therefore lacked subject matter jurisdiction over her unexhausted claims. *See id.* at 490.

We have considered Combier's remaining arguments and find that they lack merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

By: *Lucille Carr*

4

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by_____
DEPUTY CLERK